IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED & FILED

2014 NOV 21   AM 9:28

CLERK'S OFFICE

Urias Barreto-Rivera,                :

            Defendant,               :

    v.                               :        CASE NO. 00-861 (CCC)

United States of America,            :

            Respondent,              :

                                     :

MOTION TO MODIFY SENTENCE
PURSUANT TO 18 U.S.C. § 3582 (C)(2)

Comes now the defendant Urias Barreto Rivera, pro-se in the above captioned matter humbly and respectfully requesting this most Honorable Court to modify his sentence pursuant to Amendment 782, which was enacted into law on April 10, 2014 and made retroactive on July 18, 2014.

JURISDICTION

Jurisdiction in this case is by virtue of 18 U.S.C. § 3582 (c)(2), which states in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that....

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...upon motion of the defendant...the court may reduce the term of imprisonment....."Id.

Respectfully Submitted,

Urias  Barreto-Rivera,  Pro-se

-1-

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

Urias Barreto-Rivera,                    :

          Defendant,                     :

     v.                                  :      Case No. 00-861 (CCC)

United States of America,                :

          Respondent,                    :

                                         :

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO MODIFY SENTENCE

PROCEDURAL HISTORY

On November 8, 2000, the defendant was charged in a six (6) count indictment along with 30 other codefendants.

That on August 15, 2002 the defendant pleaded guilty to count One (1), 21 U.S.C.§846, conspiracy to possess with intent to distribute heroin, cocaine, cocaine base, and marijuana, and count Three (3), 18 U.S.C. §924(c)(1)(A)(i) and 2, Aiding and Abetting: possession, carrying and using a firearm during the commission of a drug trafficking crime.

That on August 9, 2002, defendant signed a plea agreement whereby he would plead guilty to counts 1 & 3 of the indictment. The total adjusted offense level with respect to Count One, assuming the application of the Guidelines calculations, would be level thirty-one (31). Based on the parties good faith assumption the defendant's Criminal History would be III, then the sentence would be between one hundred and thirty-five (135) to one hundred and sixty-eight (168) months. The United States and defendant agree to recommend a sentence of one hundred and sixty-two (162) months. The Court also

-2-

sentenced defendant to a mandatory, consecutive term of sixty (60) months with respect to count Three.

That on February 19, 2003 defendant was sentenced to a total of 222 months to be served forthwith.

That defendant has been in continuous custody since February 9, 2001 with a projected release date of March 20, 2017.

### THE DEFENDANT IS ELIGIBLE FOR THE 782 AMENDMENT THAT WAS ENACTED INTO LAW ON APRIL 10, 2014 AND MADE RETROACTIVE ON JULY 18, 2014

The defendant avers that he is eligible for the 782 amendment that was enacted into law on April 10, 2014, and made retroactive on July 18, 2014, by the seven-member U.S. Sentencing Commision.

That, the "782 amendment will further reduce the disparity as it relates to sentences that are simply too long by further reducing by two levels, the drug quantity table used to calculate drug offenses. This amendment will affect all drug offenses currently in the drug quantity table." Id. quoting, Judge P.B. Saris, Chair.

That, persons eligible for release on November 1, 2015, will also be eligible for half way house placement up to the date of November 1, 2015, and then subsequently released from halfway house detention on November 1, 2015.  This provision is vital to those who have been incarcerated for years and need halfway house placement so as to properly get acclimated back into the community.

### THIS COURT ALSO HAS THE POWER AND AUTHORITY TO CONSIDER POST INCARCERATION REHABILITATION

The defendant avers that this most Honorable Court now has the power, and authority to consider post-incarceration rehabilitation

factors when considering this motion.

The defendant asks this most Honorable Court to consider his post rehabilitation efforts as well.  In support, the defendant relies on Pepper v. United States, 562 U.S._____(2011), which held; "Federal District Court held allowed at resentencing...to (1) consider evidence of post sentencing rehabilitation; and (2) as a result, impose downward variance from advisory Federal Sentencing Guidelines range." Id.

See also, United States v. Walters, 2014 U.S. Dist. Lexis 67412 (S.D N.Y), "in light of Walters clean disciplinary record, his full time work schedule, and his completion of numerous educational courses,...[and]...in light of Walter's significantly positive post sentencing behavior, the Court finds that a reduction of his sentence is warranted." Id.

### THE DEFENDANT HAS DONE EXTENSIVE PROGRAMMING

The defendant has done extensive programming, has kept continuous employment in the Unicor Industries and has kept a spotless disciplinary record since his incarceration began in 2001.  The defendant asks this Honorable Court to take the following achievements under consideration:

```
Completion of Disease Prevention
Completion of Anger Management
Completion of Rebuilding Credit
Completion of Interview/Resume
Completion of Sports Rules
Completion of Beginning Conga
Completion of Intermediate Conga
Completion of Beginning Piano
Completion of Intermediate Piano
Completion of Advanced Conga
Completion of Money Smart Program
```

-4-

Completion of Beginning Calisthenics
Completion of Advanced Piano
Completion of Image, Perception and Reality
Completion of Intermediate Calisthenics.

The defendant has also held continuos work in the Unicor Industries. Defendant has been employed in the Unicor factory from 2005 up until 2012. Defendant is currently on the waiting list to enter the Unicor factory here at Fairton.

Defendant has kept and excellent disciplinary record for the duration of his incarceration. The only blemish to a spotless disciplanary record would be a moderate level incident report from 2005.

<u>PRAYER FOR RELIEF</u>

Wherefore, because of the reasons stated in the aforementioned, the defendant prays that this most Honorable Court make him whole and grant this motion in the interest of justice and judicial economy and anything else this most Honrable Court deems just, fair, and proper.

Respectfully Submitted,

Urias Barreto-Rivera, Pro-Se
Fed. Reg. No. 10439-069
Federal                 Correctional
Institution Fairton
P.O. Box 420
Fairton, N.J. 08320

-5-

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

Urias Barreto-Rivera,                  :

         Defendant,          :

    v.                                 :       Case No. 00-861 (CCC)

United States of America,          :

         Respondent,         :

                        :

## CERTIFICATE OF SERVICE

I, hereby certify and declare that a true and accurate copy of the foregoing motion to modify was placed into the hands of this institution's mail person on this _12_ day of _NOV._, 2014, to make service on the U.S. Attorney's Office for the District of Puerto Rico.

 

_____
Urias Barreto-Rivera, Pro-Se
Fed. Reg. No. 10439-069
F.C.I. Fairton
P.O. Box 420
Fairton, N.J. 08320

-6-